IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY
STATE OF MARYLAND

| | |
|---|---|
| JOANNE P. DAVIS<br>9213 Town Gate Lane<br>Bethesda, MD 20817,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS, INC.<br>345 Pail Ave<br>San Jose, CA 95110<br><br>Defendant. | )<br>)<br>) Civil Action No. 395075V<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED SEP 08 2014 Clerk of the Circuit Court Montgomery County, Md.

## COMPLAINT FOR RELIEF FROM GENDER AND AGE DISCRIMINATION

### I. Nature of the Claim

1. This is a claim for relief from gender and age discrimination by Defendant against Plaintiff in violation of Montgomery County Code ("MCC)", section 27-19(a)(1)(A).

2. Defendant denied Plaintiff compensation pursuant to its Compensation Plan for sales she had made because of her gender, age and reprisal.

3. As the result of Defendant's conduct, Plaintiff is entitled to backpay in the amount of $1.625 million, compensatory damages, and attorney fees.

### II. Jurisdiction and Venue

4. The Court has jurisdiction over this claim pursuant to Maryland Code, State Government ("SG"), section 20-1202, and MCC section 27-9.

5. Venue lies in this Court because Plaintiff's residence is in Montgomery County and her place of work is her home in Montgomery County.

### III. Description of the Parties

6. Plaintiff is a 70-year old female citizen of the United States and resident of Montgomery County, Maryland.

7. Plaintiff is employed by Defendant as a Senior Account Manager in its Federal/Public Sector Sales Division (which deals with agencies of the federal government). Although Defendant has an office for the Federal/Public Sector Sales Division in Tysons Corner, Virginia, Plaintiff works out of her home in Montgomery County.

8. Defendant, Plaintiff's employer, is a global corporation with headquarters in California.

### IV. Statement of the Facts

9. Defendant has employed Plaintiff as a Senior Account Manager since 2004.

10. Plaintiff is the oldest of the Account Managers employed by Defendant.

11. Plaintiff and other Account Managers are paid on Commission pursuant to a Compensation Plan prepared and implemented by Defendant.

12. Since 2006, Plaintiff has consistently been one of the top sales leaders in the Federal/Public Sector Sales Division, and among the top sales leaders throughout Defendant's global sales force.

13. Defendant's fiscal year runs from December 1 to November 30 of the following year.

14. For FY 2012, Plaintiff negotiated a $7.5 million contract for Defendant with the U.S. Department of Health and Human Services (HHS). Under the Compensation Plan, Plaintiff's commission on that sale was approximately $650,000. Defendant paid that commission to Plaintiff.

15. Following FY 2012, Defendant issued its new Compensation Plans for FY 2013. The FY 2012 and FY 2013 Plans are essentially the same.

16. Defendant issued Plaintiff an amendment to her FY 2013 Plan "due to the uniqueness of her roll" [sic].

17. In October 2013, *i.e.*, in FY 2013, Plaintiff closed a contract with HHS worth $21.5 million, with $18.088 million of that amount counting towards commission. Under the terms of the FY 2013 Compensation Plan, Plaintiff's commission on the contract was $2,275,697.

18. Defendant did not pay Plaintiff $2,275,697. Rather, calculating Plaintiff's commission in accordance with her "unique" amendment, Defendant paid Plaintiff a commission of $600,000.

19. The $600,000 which Defendant paid Plaintiff on her $21.5 million contact was less than the approximately $650,000 which Defendant paid Plaintiff on her $7.5 million contract.

20. On knowledge and belief, Plaintiff understands that a male employee of the Defendant operating under the same (or a similar) Compensation Plan was awarded "Sales Manager of the Year" for 2013 because, while his contracts were brought in less revenue than Plaintiff's, they were calculated in a way that the male employee was given greater credit than Plaintiff.

21. In January 2014, Plaintiff (through counsel) wrote to Defendant and claimed that the commission she received was discriminatory. Defendant (through counsel) responded in February 2014, denying any discrimination.

22. On May 9, 2014, Matt Thompson, Defendant's Executive Vice President and the official who made the Decision to award Plaintiff $600,000, telephoned Plaintiff. Thompson told Plaintiff he understood she was "planning to file suit against the company" and he told Plaintiff that "we have treated you equitably and fairly". Plaintiff rejected that characterization, and told Thompson that she had worked late at night and on weekends and surrendered precious time with her family in order to bring in the HHS contract, only to have him decide to reduce her compensation. Thompson told Plaintiff that they "work for the same company" and he asked if there was anything he could do to

"help her sales". Plaintiff told Thompson there was nothing he could do in that regard and she asked to end the conversation.

23. In 2012, Plaintiff suffered a stress-induced heart attack when she learned that efforts were underway to give her clients to a younger male. Thompson was aware of that episode when he called Plaintiff regarding her filing suit.

24. In July/August 2014, Plaintiff was seeking approval to present a $9.5 million contract to the Center for Medicare and Medicaid Services, HHS, for services desired by the agency. Defendant informed Plaintiff that, while it would take the revenue from the contract, Plaintiff would not receive any commission under Defendant's interpretation of her Compensation Plan. The contract was not presented to CMS.

## V. Exhaustion of Remedies

25. Defendant made the Decision regarding Plaintiff's FY 2013 compensation in December 2013 and paid her in late December 2013.

26. On May 16, 2014, Plaintiff filed a charge of discrimination with the Montgomery County Office of Human Rights. Ex. 1.

27. Plaintiff timely filed her charge with the Montgomery County Office of Human Rights within one year following the incident giving rise to her claim. MCC 27-7(d).

28. Plaintiff is timely filing this action within two years after the discriminatory act but more than 45 days after filing her charge with the Montgomery County of Human Rights. SG, section 20-1202(c).

### Count I – Sex Discrimination

29. Incorporating paragraphs 1-28 above, Plaintiff claims that Defendant has discriminated against her on the basis of her gender in violation of MCC section 27-19.

30. As the result of these discriminatory actions, Plaintiff has lost compensation in the amount of at least $1.675 million.

31. As the result of these discriminatory actions, Plaintiff has suffered pain and suffering and is entitled to compensatory damages.

### Count II – Age Discrimination

32. Incorporating paragraphs 1-28 above, Plaintiff claims that Defendant has discriminated against her on the basis of her age in violation of MCC section 27-19.

33. As the result of these discriminatory actions, Plaintiff has lost compensation in the amount of at least $1.675 million.

34. As the result of these discriminatory actions, Plaintiff has suffered pain and suffering and is entitled to compensatory damages.

### Count III – Reprisal

35. Incorporating paragraphs 1-28 above, Plaintiff claims that Defendant has retaliated against her in violation of MCC section 27-19.

36. As the result of these discriminatory actions, Plaintiff has lost compensation in the amount of at least $1.675 million.

37. As the result of these discriminatory actions, Plaintiff has suffered pain and suffering and is entitled to compensatory damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court

a. Enter judgment in her favor on Counts I - III of this Complaint;

b. Enjoin Defendant from further discriminating or retaliating against her;

c. Order Defendant to pay her the back pay to which she is entitled, plus interest;

d. Order Defendant to pay her the compensatory damages awarded by the jury;

e. Award Plaintiff attorney's fees and costs as provided by law; and

f. Award Plaintiff any other relief to which she may be entitled under law.

### JURY DEMAND

Plaintiff demands a jury.

## VERIFICATION

Under penalty of perjury, I swear that the foregoing statements of fact are true and correct to the best of my knowledge and belief.

*September 4, 2014*
Date

*Joann P. Davis*
Joann P. Davis

Respectfully submitted,

*Richard R. Renner*
Richard R. Renner, Esq.
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
1901 L Street, N.W. Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260
FAX: (1) (877) 527-0446
Attorney for Plaintiff

Of counsel:

George M. Chuzi, Esq.
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
1901 L Street, N.W. Suite 610
Washington, D.C. 20036
Tel: (202) 331-9264
FAX: (1) (866) 455-1504